IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DEREK JACQUETTE SALEEM MUWWAKK'EL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-14-666 |
| OFFICER HAEFNER and OFFICER CREER, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Derek Jacquette Saleem Muwwakk'el ("Plaintiff" or "Muwwakk'el") brings this *pro se* action against Officer Timothy Haefner ("Haefner") and Officer Paul Creer ("Creer") ("Defendants") of the Baltimore City Police Department, alleging violations of his constitutional rights under 42 U.S.C. § 1983. Pl.'s Compl., ECF No. 1-2.

Currently pending before this Court is Defendants' Motion to Dismiss (ECF No. 5). Plaintiff has filed a Response to Defendants' Motion (ECF No. 8), as well as several supplementary filings in support of his position (ECF Nos. 9, 10, 11). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Defendants' Motion to Dismiss (ECF No. 5) is **GRANTED** and this case is **DISMISSED**.

1

## **BACKGROUND**

This Court accepts as true the facts alleged in the Complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Moreover, a Plaintiff filing *pro se* is held to "less stringent standards" than is a lawyer, and the Court must liberally construe his claims, no matter how "inartfully" pled. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010) (observing that liberal construction of a complaint is particularly appropriate where a *pro se* plaintiff alleges civil rights violations).

It appears from Plaintiff's Complaint that Mr. Muwwakk'el has suffered a series of setbacks over the past several years. The complaint includes court documents related to the 2011 foreclosure of his residence at 2327 Linden Avenue in Baltimore. Pl.'s Compl., at 12-33. Mr. Muwwakk'el's Complaint also includes administrative and court documents related to his violation of Maryland traffic and vehicle safety laws in 2012 and 2013. *Id.* at 36-37, 42-43. While the Complaint contains Maryland State Court orders showing that the State did not pursue criminal charges for the 2012 violations, *Id.*, at 43, other allegations in the Complaint suggest that Plaintiff's automobile was impounded in conjunction with these offenses. *Id.* at 62-69. Though other sections of Mr. Muwwakk'el's Complaint allude to his efforts to recover the automobile and his property therein, *Id.* at 45-50, Mr. Muwwakk'el apparently failed to comply with the provisions of Maryland's Local Government Tort Claims Act ("LGTCA"), Md. Code Ann., Cts. & Jud. Proc., § 5-301, *et seq.*, when making such efforts. *See* "Heinrich Affidavit," Pl.'s Compl., at 52, ECF No. 1-2.

In their Motion to Dismiss, Defendants Haefner and Creer acknowledge that Plaintiff's Complaint against them arose out of Plaintiff's encounters with Defendants at

separate traffic and vehicle safety stops in 2012 and 2013.  Def.'s Mot. to Dismiss, 1-2, ECF No. 5-1.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P 8(a)(2).  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a Complaint if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required."  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).  In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss.  *Iqbal*, 556 U.S. at 678.  First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as

3

facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).

Second, a Complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. Under the plausibility standard, a Complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)). In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief." *Iqbal*, 556 U.S. at 664. Finally, "[w]hile *pro se* complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dept. of Social Servs. for City of Baltimore*, 901 F.2d 397, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert denied*, 475 U.S. 1088 (1986)).

**ANALYSIS**

Section 1983 creates a private right of action for any United States citizen seeking to remedy alleged constitutional violations, specifically:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Section 1983 does not create "substantive rights;" rather, it provides "a method for vindicating federal rights elsewhere conferred." *Thompson v. Dorsey*, Civ. A. No. ELH-10-1364, 2011 WL 2610704, at *3 (D. Md. June 30, 2011) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)).

Mr. Muwwakk'el raises eleven claims against Officers Haefner and Creer. Each claim will be addressed in turn.

**I.  Count One – International Covenant on Civil and Political Rights**

Plaintiff first alleges that Officers Haefner and Creer violated his rights under the International Covenant on Civil and Political Rights ("ICCPR"), 999 U.N.T.S. 171 (ratified Dec. 16, 1966, entered into force Mar. 23, 1976). *See* Pl.'s Compl., at 7. United States courts have not recognized a private cause of action under the ICCPR. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 735 (2004) ("[T]he United States ratified the Covenant on the express understanding that it was not self-executing and so did not itself create obligations

enforceable in the federal courts."); *Medellin v. Texas*, 552 U.S. 491, 506 (2008); *Goldstar (Panama) S.A. v. United States*, 967 F.2d 965, 968 (4th Cir. 1992) ("International treaties are not presumed to create rights that are privately enforceable."). *See also* Oona A. Hathaway et. al., *International Law at Home: Enforcing Treaties in U.S. Courts*, 37 Yale J. Int'l L. 51, 64-65 (2012). As a result, Mr. Muwwakk'el's ICCPR claim in Count I is DISMISSED.

## II.   Count Two – United Nations Universal Declaration of Human Rights

Second, Plaintiff claims that Defendants violated his rights under the United Nations Universal Declaration of Human Rights ("UDHR"), 3, U.N. Doc. A/810 (Dec. 10, 1948). *See* Pl.'s Compl., at 7. As with the ICCPR, a private right of action under the UDHR is not recognized in United States courts. *See Sosa*, 542 U.S. at 734 ("[T]he Declaration does not of its own force impose obligations as a matter of international law."); *Medellin*, 552 U.S. at 506; *Goldstar*, 967 F.2d at 968. *See also* Michael Van Alstine, *The Universal Declaration and Developments in the Enforcement of International Human Rights in Domestic Law*, 24 Md. J. Int'l L. 63, 64 (2009). Mr. Muwwakk'el has thus failed to state a claim for which relief may be granted. Accordingly, Count II is DISMISSED.

## III.   Count Three – First Amendment

Plaintiff's third claim alleges a violation of his First Amendment rights. Yet, at no point in his Complaint, Response to Defendants' Motion to Dismiss, or in his supplemental filings in support of his position does Mr. Muwwakk'el provide any facts indicating how the Officers' conduct violated his First Amendment rights. Specifically, Mr. Muwakk'el claims

only that "Amendment I: Guarantees my right of choice to choose my type of work." Pl.'s Compl., at 7. In his correspondence with this Court dated September 3, 2015, he alleges a "Violation of I Amendment. Not being able to assemble." Pl.'s Aff. of Fact, 2, ECF No. 11. Neither allegation—even liberally construed—satisfies the pleading standard enunciated in *Twombly* and *Iqbal*. Thus, Count III of the subject Complaint is DISMISSED.

### IV.     Count Four – Fourth Amendment

The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures. U.S. Const. amend. IV. Courts apply a 'reasonableness' standard to determine whether officer conduct in an encounter with a citizen was consistent with the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("[*A*]*ll* claims that law enforcement officers have used excessive force…in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard…" (emphasis in original)); *Tennessee v. Garner*, 471 U.S. 1, 7 (1985). The 'reasonableness' inquiry "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (1989) (internal quotations omitted).

#### a.  Officer Haefner

Mr. Muwwakk'el claims that Officer Haefner spoke with him in an allegedly forceful and sarcastic manner during his arrest. Pl.'s Am. Compl., 4-5, ECF No. 9. Plaintiff alleges that the Officer ordered him to "sit in the trash on the curb side of the street" and that the

Officer at one point referred to himself as "God's premiere Law Enforcement here on earth."[1]  Even accepting as true all facts alleged in the Complaint, *Aziz,* 658 F.3d at 390, Plaintiff has failed to allege sufficient facts to show that the Defendants violated the Fourth Amendment's reasonableness standard.  As the United States Supreme Court has explained, "[a]n officer's authority to detain incident to a search is categorical; it does not depend on the 'quantum of proof justifying detention or the extent of the intrusion to be imposed by the seizure.'"  *Muehler v. Mena*, 544 U.S. 93, 98 (2005) (quoting *Michigan v. Summers,* 452 U.S. 692, 705 (1981)).  In *Mena*, officers placed in handcuffs and temporarily detained inhabitants of the premises being searched.  In the instant case, Officer Haefner had probable cause to search Mr. Muwwakk'el's vehicle and person based on the traffic and safety violations which the Officer had observed.  Pl.'s Compl., at 35-36.  Thus, ordering Mr. Muwwakk'el to sit on the curb during the search and seizure was not unreasonable.  Similarly, without a showing on the part of Mr. Muwwakk'el that Officer Haefner's remark caused any sort of permanent or even temporary injury, this Court is unwilling to conclude that Officer Haefner's conduct was unreasonable under the facts provided in the Complaint.  Plaintiff's Fourth Amendment claim against Officer Haefner (Count Four) is thus DISMISSED.

    **b.  Officer Creer**

The extent of Plaintiff's allegations against Officer Creer is that "Officer Haefner and Creer has caused me to lose at a minimum of $30,000.00 in actual damages.  The loss of the truck and tools."  Pl.'s Compl, at 9.  In the absence of further factual support, Mr.

---

[1] With respect to the second alleged statement, it is unclear from the Complaint whether this was stated by Officer Haefner or by a "Lt. Nichols," who has not been named in this case.  *See* Pl.'s Compl., at 46-47; Pl.'s Am. Compl., at 4-5.

Muwwakk'el's Fourth Amendment allegations against Officer Creer do not meet the *Twombly-Iqbal* plausibility standard, even if construed liberally. Accordingly, Count Four as applied to Officer Creer is DISMISSED.

### V.     Count Five – Fifth Amendment

In Count Five, Plaintiff argues that Officers Haefner and Creer violated his Fifth Amendment Due Process rights. The Due Process Clause of the Fifth Amendment applies only to the conduct of the United States or a federal action. *See Daniels v. Williams,* 474 U.S. 327 (1986); *Solis v. Prince George's Cnty.*, 153 F. Supp. 2d 793, 803 (D. Md. 2001). As Haefner and Creer are officers of the Baltimore City Police Department and are not affiliated with any entity of the United States, Mr. Muwwakk'el's has failed to state a claim under the Fifth Amendment.

Liberally construing *pro se* Plaintiff's allegations, this Court will also examine his Due Process claims under the Fourteenth Amendment, which applies to actions by officials of the several states. Mr. Muwwakk'el provides no facts or legal theories to support his allegation that the Officers' conduct during their encounters with him violated his Due Process rights. Nothing in Plaintiff's account of his encounter with the Officers in his Complaint suggests any wrongdoing on their behalf. *See* Pl.'s Compl., at 46-49. Under the *Twombly-Iqbal* plausibility standard, Mr. Muwwakk'el must provide *some* facts indicating that he is entitled to relief under the named laws. As Mr. Muwwakk'el fails to meet even this standard, his claim in Count Five is DISMISSED.

**VI.     Count Six – Sixth Amendment**

The Sixth Amendment provides for trial by jury and certain procedural rights in criminal prosecutions. U.S. Const. amend. VI.  Nowhere in Plaintiff's Complaint, Response to Defendants' Motion, or his supplemental filings does Mr. Muwwakk'el provide any facts relevant to his allegation that Officers Haefner and Creer violated his Sixth Amendment rights.  Though Mr. Muwwakk'el was subject to criminal proceedings in the Maryland District Court in 2012, Defendants' only involvement with this case (specifically, Officer Haefner's involvement) was Officer Haefner's submission of a statement of probable cause for Mr. Muwwakk'el's arrest.  Pl.'s Compl., at 42-43.  Plaintiff does not even attempt to relate Officer Haefner's conduct to any alleged violation of his Sixth Amendment rights.  Mr. Muwwakk'el has thus failed to state a Sixth Amendment claim, and Count Six is DISMISSED.

**VII.    Count Seven – Seventh Amendment**

The Seventh Amendment of the United States Constitution creates a right to jury trials in civil cases before the federal courts.  U.S. Const. amend. VII.  There is no evidence in the pleadings that Mr. Muwwakk'el was ever denied this right by Officers Haefner and Creer – or by any other party.  Plaintiff thus fails to state a claim for which relief may be granted under the Seventh Amendment.  Accordingly, Count Seven is DISMISSED.

**VIII.   Count Eight – Eighth Amendment**

Mr. Muwwakk'el alleges that he suffered a cruel and unusual punishment in violation of the Eighth Amendment. Pl.'s Compl., at 7. The Eighth Amendment, however, protects against the cruel and unusual punishment of persons already convicted of a crime. *Ingraham v. Wright,* 430 U.S. 651, 664 (1977) ("An examination of the history of the Amendment and the decisions of this Court construing the proscription against cruel and unusual punishment confirms that it was designed to protect those convicted of crimes."). As Mr. Muwwakk'el has not been convicted of any crime in relation to the events described in his Complaint, he is not entitled to relief under the Eighth Amendment. Count Eight of the subject Complaint is thus DISMISSED.

### IX.   Count Nine – Ninth Amendment

Plaintiff's claim under the Ninth Amendment is misguided, as "the Ninth Amendment refers only to unenumerated rights, while claims under § 1983 must be premised on specific constitutional guarantees." *Bussey v. Phillips*, 419 F. Supp. 2d 569, 586 (S.D.N.Y. 2006). This conclusion is mandated by the very terms of Section 1983, which protect against "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. As such, Mr. Muwwakk'el fails to state a claim under the Ninth Amendment. Accordingly, Count Nine is DISMISSED.

### X. Count Ten – Maryland Declaration of Rights

In Plaintiff's tenth claim, he argues that Defendants violated Articles 24 and 26 of the Maryland Declaration of Rights, which prohibit the use of excessive force during a seizure. Md. Const. Decl. of Rights, arts. XXIV, XXVI. The United States Court of Appeals for the Fourth Circuit has held that the standard for analyzing claims under Articles 24 and 26 is the same as that for Fourth Amendment claims. *Henry v. Purnell*, 652 F.3d 524, 536 (4th Cir. 2011). *See also Jackson v. Pena*, 28 F.Supp.3d 423, 431-432 (D. Md. 2014); *Randall v. Peaco*, 927 A.2d 83, 89 (Md. Ct. Spec. App. 2007). As Mr. Muwwakk'el has failed to state a claim under the Fourth Amendment, his claim under the Maryland Declaration of Rights is similarly deficient. Count Ten of the subject Complaint is thus DISMISSED.

### XI. Count Eleven – Maryland Local Government Tort Claims Act

Although he makes no specific allegation under Maryland's Local Government Tort Claims Act ("LGTCA"), Md. Code Ann., Cts. & Jud. Proc., § 5-301, *et seq.*, Mr. Muwwakk'el does include in his Complaint numerous exhibits that document his efforts to recover his automobile under the LGTCA.[2] Pl.'s Compl., *at* 49-56. Specifically, Plaintiff attaches to his Complaint and Amended Complaint two distinct versions of a letter which he allegedly sent

---

[2] The LGTCA requires that any action under its provisions be brought "within 180 days after the injury." § 5–304(b). "The notice shall be in writing and shall state the time, place, and cause of the injury." § 5–304(c)(3). For purposes of the LGTCA, the Baltimore City Police Department ("BCPD") is considered a 'local government'. § 5–301(d)(21). Complaints against the BCPD or Baltimore City require in-person notice or notice by certified mail to the City Solicitor. § 5–304(c)(1)(i); *see also Wilbon v. Hunsicker*, 913 A.2d 678, 684 (Md. Ct. Spec. App. 2006). The Maryland Court of Appeals has held that the LGTCA's notice requirement is "a condition precedent to maintaining an action against a local government or its employees...." *Rios v. Montgomery County,* 872 A.2d 1 (Md. 2005). Moreover, "[a] plaintiff must not only satisfy the notice requirement *strictly or substantially*, but also plead such satisfaction in his/her complaint." *Hansen v. City of Laurel*, 25 A.3d 122, 137 (Md. 2011) (emphasis added).

12

to Baltimore City Solicitor George Nilson on July 13, 2012, along with copies of a United States Postal Service receipt and several certificates of mailing. Pl.'s Compl., 45-50; Pl.'s Am. Compl., at 4-8. Nowhere in either letter does Plaintiff state, as required by the LGTCA, the "time, place, and cause of the injury." § 5–304(c)(3). This deficiency in pleadings alone is sufficient grounds for dismissal of Plaintiff's LGTCA claim. *See Hansen v. City of Laurel*, 25 A.3d 122, 137 (Md. 2011).

Moreover, there is no evidence presented showing that the LGTCA complaint was ever sent to the City Solicitor's office. While three of the four attached certificates of mailing were endorsed and stamped by the postal service, the certificate listing the City Solicitor's office as recipient lacks a similar stamp and/or endorsement. Pl.'s Compl., at 50; Pl.'s Am. Compl. at 8. Furthermore, the signed and sworn affidavit (dated Dec. 16, 2013) of Kurt Heinrich, Deputy Chief of the Central Bureau of Investigation of the Baltimore City Department of Law, states that the City Solicitor's files contain "no record of any claim filed by, or on behalf of, Derek Jacquette or Derek Jacquette El[3] regarding the incidents that are the subject of the above captioned lawsuit."[4] "Heinrich Affidavit," Pl.'s Compl., at 52. Lacking evidence that Plaintiff's LGTCA claim was ever sent to the City Solicitor's office and absent any allegation of fault on the part of the City Solicitor's office in receiving or

---

[3] In his Complaint, Plaintiff refers to himself—and has enclosed documents referring to him—under various names, including: "Derek Jacquet Saleem Muwwakk'el," Pl.'s Compl., at 2; "Derek Jacquette Saleem Muwwakk'el," Pl.'s Compl., at 5, 8, 10, 37-38; "Derrick Curtis," Pl.'s Compl., at 14-33, *passim*; "Derek Jacquette," Pl.'s Compl., at 35-36, 42-43, 59-61; "D.J. Saleem Muwwakk'el," Pl.'s Compl., at 40; "Jacquette Derek," Pl.'s Compl., at 45. Plaintiff filed suit against Officer Haefner in the Maryland District Court under the name "Derek Jacquette." *See* "Heinrich Affidavit," Pl.'s Compl., at 52. Thus, this was the name that Mr. Heinrich searched for in the City Solicitor's files.
[4] The Heinrich Affidavit is captioned as follows: "Derek Jacquette, Plaintiff, v. Officer Timothy Haefner, Defendant. In the District Court for Baltimore City, Case No. 0101-001518402013." Pl.'s Compl., at 52.

handling his alleged LGTCA complaint, Mr. Muwwakk'el failed to comply with the notice requirements of the LGTCA.

Finally, this Court notes that the Baltimore City District Court dismissed Mr. Muwwakk'el's LGTCA claims on December 20, 2013.  Def.'s Mot. to Dismiss, Ex. B, ECF No. 5-3.  Based on that Court's ruling, this Court finds that Plaintiff had ample opportunity to bring his LGTCA claims and declines to allow him to use the federal courts to re-litigate his defective state law claim.

Count Eleven is thus DISMISSED.

## CONCLUSION

For the reasons stated above, Defendant Haefner and Defendant Creer's Motion to Dismiss (ECF No. 5) is **GRANTED** and this case is **DISMISSED**.

A separate Order follows.


Dated: February 18, 2015         /s/_____
                                 Richard D. Bennett
                                 United States District Judge